**In Re GRAND JURY MATTER.**

No. 82-1305.

United States Court of Appeals, Third Circuit.

Argued June 9, 1982.

Decided June 30, 1982.

Peter F. Vaira, Jr., U. S. Atty., Walter S. Batty, Jr., Frank H. Sherman (argued), Asst. U. S. Attys., Philadelphia, Pa., for appellee.

Richard R. Fink (argued), Levittown, Pa., for appellant.

Before ADAMS and WEIS, Circuit Judges, and CONABOY,* District Judge.

* Richard P. Conaboy, United States District Court for the Middle District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

PER CURIAM:

This appeal raises the question whether, after moving for disclosure of illegal electronic surveillance pursuant to 18 U.S.C. § 3504, a grand jury witness is entitled to a direct and explicit statement from the Government affirming or denying "the occurrence of the alleged unlawful act"; or whether, as in the present case, an *ex parte, in camera* presentation before the district judge constitutes a sufficient response under the statute. We. conclude that the latter procedure does not comport with the requirements of section 3504, and remand the case for further proceedings consistent with this opinion.

### I

After he was subpoenaed to testify before a grand jury investigating possible violations of, inter alia, the Hobbs Act and the RICO Act, the appellant[1] raised his fifth amendment privilege and was granted use immunity. He then filed a motion for disclosure of electronic surveillance pursuant to 18 U.S.C. § 3504. In support of his motion, the appellant submitted his own affidavit and that of another individual. The affidavits essentially assert that there had been "unusual sounds" on the appellant's phone, including "clicking" and "short high pitched whirling sounds," and that two policemen had told the other individual that the appellant's phone had been wiretapped.

The Government declined to "affirm or deny" the existence of an illegal wiretap. Instead, it argued that the appellant's motion was premature, inasmuch as the appellant had not yet been held in contempt. Citing "considerations of judicial economy," however, the Government did express its willingness to make an *ex parte, in camera* presentation to the district court regarding the appellant's motion. The Government stressed that such a presentation was necessary because "the investigation is continu-

---

1. Because of the ongoing nature of the grand jury investigation, we will refer to the appellant in this case not by name but by the terms "witness" or "appellant."

ing and will continue after [the appellant's] appearance before the Grand Jury; ... [and] the Government believes that certain information presented in the course of its presentation would not be appropriately disclosed to [the appellant] at this time." Appendix at 35A–36A.

The district judge agreed with the Government that an *in camera, ex parte* hearing would be appropriate. After conducting such a proceeding, the judge concluded that no unlawful electronic surveillance had occurred. He consequently denied the appellant's motion for disclosure. The appellant persisted in refusing to answer the questions put to him before the grand jury, however, and was held in contempt. He now appeals the contempt ruling.

## II

 It is well-established that a grand jury witness may refuse to answer questions based on illegal electronic surveillance. *Gelbard v. United States*, 408 U.S. 41, 52, 92 S.Ct. 2357, 2363, 33 L.Ed.2d 179 (1972). When a witness claims that his potential testimony is inadmissible because of an illegal interception, the Government is required, by the explicit terms of 18 U.S.C. § 3504(a)(1), to "affirm or deny the occurrence of the alleged unlawful act." The Government's denial may be in the form of an affidavit indicating that a check had been made of the various agencies and asserting that the witness had not been subjected to electronic surveillance. *United States v. D'Andrea*, 495 F.2d 1170, 1173 (3d Cir.), *cert. denied*, 419 U.S. 855, 95 S.Ct. 101,

42 L.Ed.2d 88 (1974).[2] If, in the face of such an affidavit, the witness offers nothing to indicate that the affidavit is false or defective, the district court can deny the section 3504 petition without a hearing. *In re Horn*, 458 F.2d 468, 471–72 (3d Cir. 1972).

In the present proceeding, the Government did not file an affidavit affirming or denying the existence of illegal surveillance. Relying on *United States v. D'Andrea, supra*, however, the Government claims that its *ex parte, in camera* presentation to the district judge on the surveillance issue satisfied the requirements of section 3504. We disagree.

This Court, in *D'Andrea*, explicitly approved an *ex parte, in camera* presentation that "did not deal with the question of whether existing illegal taps tainted the proceedings ... [but rather] dealt with the prior question of whether the alleged illegal surveillance had occurred at all." 495 F.2d at 1174. In distinguishing *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), we held that the latter question was "not complex enough to require the safeguards of an adversary proceeding as a matter of law." *Id.*

 The distinction between *D'Andrea* and the present case is not in the substance of the *ex parte, in camera* proceeding—for in both cases the court addressed the question whether there had been any illegal surveillance at all—but in the fact that, in *D'Andrea*, the Government had explicitly denied the claim of illegal surveillance prior to the *ex parte* hearing.[3] Here, in contrast, the Government made no such explicit denial.[4] Had it done so, the witness perhaps

2. As the Court stressed in *In re Horn*, 458 F.2d 468, 471 (3d Cir. 1972), "it would be desirable for the Government's affidavit to contain a more complete statement setting forth whether there had been *any* wiretapping or electronic surveillance including that which the Government considers to be legal" and further indicating "with some specificity which 'appropriate agencies' were in fact contacted."

3. In *D'Andrea*, the Acting Assistant Attorney General indicated in a letter "that a check had been made of the appropriate agencies and that appellant had not been subjected to electronic surveillance by the government," 495 F.2d at

1173 (footnotes omitted). The Court concluded that, though an affidavit would have been "preferable," a letter was acceptable in a case such as *D'Andrea*, where the appellant had "come forward with no more than a bald accusation of illegality." *Id.* at 1174 n.12.

4. After this appeal had been filed, the Assistant United States Attorney did disclose to the witness that there was "one consensual recording of a face-to-face conversation between [the witness] and another individual, made without [the witness's] knowledge, in the possession of the Government." Appendix at 80A.

could have attacked the Government's affidavit by asserting that it was defective or false, *see In re Horn, supra.* Without such an affidavit, the witness was faced solely with a conclusion by the district court, based apparently on statements made to it by the Government, that no illegal surveillance had occurred.

In the circumstances present here, we hold that an *ex parte, in camera* proceeding may be sufficient under *D'Andrea* only after an explicit denial has been made by the Government. In the absence of such a denial, the procedure afforded to the witness in this matter was procedurally deficient under section 3504.

The case will be remanded to the district court so that the Government may, if it chooses, file an affidavit, sufficient under *In re Horn* and *D'Andrea,* affirming or denying the existence of illegal electronic surveillance.[5] The witness then will have fifteen days to respond to the Government's statement. If the Government's affidavit is sufficient on its face, and if the witness produces no evidence that the representations made by the Government in the affidavit are false, the district court may then enter a new order denying the witness's petition for disclosure under section 3504, and once again hold the witness in contempt.

---

**5.** After this case had been argued, the Assistant United States Attorney filed an affidavit in which he averred that he had reviewed "the files maintained in the United States Attorney's Office relating to this matter," and had spoken to an agent of the Federal Bureau of Investigation "who is responsible for and fully familiar with the entire investigation and all FBI files and records pertaining to it." On the basis of this inquiry, the Assistant United States Attorney denied "the occurrence of any unlawful act involving electronic surveillance, as the term unlawful act is defined in 18 U.S.C. § 3504(b)."

We decline to adjudicate the question whether this affidavit is sufficiently detailed to meet the standards set forth in *In re Horn* and *D'Andrea,* but prefer to leave that determination for the district court in the first instance.